IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IBRAHEEM ALI,

                Petitioner,

     v.                                  CASE NO. 08-3225-SAC

RAY ROBERTS, et al.,

                Respondents.

## MEMORANDUM AND ORDER

Petitioner proceeds with counsel on a petition for writ of habeas corpus under 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss the petition as time barred, and petitioner's response thereto. Having reviewed the record, the court grants respondents' motion and dismisses the petition.

DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act in 1996, a one year limitation period applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment, such as petitioner in this case. 28 U.S.C. § 2244(d)(1). The running of that one year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review. See 28 U.S.C. § 2244(d)(2) (running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

In the present case, the court's review of petitioner's filings in the state court discloses no dispute that petitioner's direct appeal from his Kansas conviction ended when the Kansas Supreme

Court denied further review on September 27, 2000. Pursuant to 28 U.S.C. § 2244(d)(1)(A), that conviction became final for the purpose of starting the running of the § 2244(d)(1) limitation period ninety days later, on December 26, 2000, upon expiration of the time for seeking certiorari review by the United States Supreme Court. *See* Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001)("direct review" in 28 U.S.C. § 2244(d)(1)(A) includes period in which petitioner can file a petition for a writ of certiorari from United States Supreme Court, whether or not such a petition is filed).

Petitioner filed his first post-conviction motion in the state courts on November 16, 2000, which had no tolling effect under § 2244(d)(2) on the § 2244(d)(1) limitation period because that statutory limitation period had not yet begun. Once the ninety day period for seeking a writ of certiorari in the United States Supreme Court expired in petitioner's direct appeal, the § 2244(d)(1) limitation period began running on December 27, 2000, pursuant to § 2244(d)(1)(A).[1] Because petitioner's post-conviction proceeding was

---

[1] Petitioner mistakenly starts the running of the limitation period from the Kansas Supreme Court's denial of review, but that start date for the limitation period does not comply with 28 U.S.C. § 2244(d)(1) which reads:
"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

still pending on that date, that state court action immediately tolled the running of the § 2244(d)(1) limitation period until April 7, 2003, upon expiration of the time petitioner had for seeking review by the Kansas Supreme Court of the Court of Appeals' decision on March 23, 2003, to affirm the state district court's denial of relief.[2]

The § 2244(d)(1) limitation period began running on April 8, 2003. After 237 days, petitioner again tolled the running of the § 2244(d)(1) limitation period when he filed a second motion for post-conviction relief on December 1, 2003.[3] Tolling continued through April 23, 2008, when the Kansas Supreme Court denied further review of the lower court's denial of relief on that motion.[4] The 128 days

---

retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence
  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect tot he pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

[2]Although the 30 day period for filing a petition for review, K.S.A. 20-3018(b), ended on Sunday, April 6, 2003, Kansas law directs that the last day of the time period being computed is to be included "unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday." K.S.A. 60-206(a). Accordingly, petitioner had Monday April 7, 2003, to file a petition for review.

[3]For purposes of calculating the running of the § 2244(d)(1) limitation period in this matter, the court has presumed petitioner's second post-conviction motion was a "properly filed state post-conviction proceeding" for purposes of tolling under § 2244(d)(2).

[4]An application for state collateral review remains "pending" for purposes of tolling under 28 U.S.C. § 2244(d)(2) "until the application has achieved final resolution through the State's post-conviction procedures." Carey v. Saffold, 536 U.S. 214, 219-20

remaining in the § 2244(d)(1) limitation period resumed running on April 24, 2008, and expired on August 29, 2008.[5]  Petitioner's habeas application was not filed until Tuesday, September 2, 2008.[6]

Although extremely close, petitioner's habeas application is untimely filed and should be dismissed absent a showing petitioner is entitled to equitable tolling of the § 2244(d)(1) limitation period.

The § 2244(d)(1) limitation period is subject to equitable tolling, but only in rare and exceptional circumstances, and only when the petitioner has diligently pursued his claims and demonstrates his failure to file a timely petition was caused by circumstances beyond his control.  Garcia v. Shanks, 351 F.3d 468, 473 n. 2 (10th Cir. 2003).  Petitioner makes no such showing in this case.  As the Tenth Circuit recently stated:

> "'Procedural requirements established by Congress for gaining access to the federal courts are not to be

---

(2002).  In Kansas, a Court of Appeals' decision becomes final on the date the Kansas Supreme Court denies review, not the date the mandate is issued by the appellate clerk.  K.S.A. 60-2106 and Kan.Sup.Ct. Rule 8.03(f) and (i).

[5]Petitioner's calculation of the § 2244(d)(1) limitation period as having an additional ninety days after expiration of the one year limitation period is incorrect.  The ninety days allowed for seeking a writ of certiorari in petitioner's direct appeal operates to establish the date the one year limitation period in § 2244(d)(1) begins to run – namely "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The ninety day period for seeking a writ of certiorari does not add additional days to the § 2244(d)(1) limitation period once the limitation begins running.

[6]Because the expiration date of the § 2244(d)(1) limitation period fell on a Friday, the Kansas rule for extending a due date falling on a weekend or legal holiday, K.S.A. 60-206(a), does not apply.

4

disregarded by courts out of a vague sympathy for particular litigants.' <u>Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' <u>Wallace v. Kato</u>, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). It is 'to be applied sparingly.' <u>Nat'l. R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)." <u>Yang v. Archuleta</u>, 525 F.3d 925, 929 (10th Cir. 2008).

## CONCLUSION

Based upon the dates calculated herein, the court finds petitioner's application for a writ of habeas corpus is untimely filed.  Finding nothing in the record to warrant equitable tolling of the one year limitation imposed by 28 U.S.C. § 2244(d)(1), the court concludes the petition should be dismissed as time barred.

IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition as time barred (Doc. 10) is granted, and that petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed as untimely filed.

**IT IS SO ORDERED.**

DATED:  This 20th day of May 2009 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

5